[No. B003721. Second Dist., Div. Four. April 11, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
PEDRO SOTO, Defendant and Appellant.

772

**COUNSEL**

Jeffrey D. Scharf, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Norman H. Sokolow and Andrew D. Amerson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WOODS, P. J.**—Pedro Soto appeals from the judgment (order revoking probation) entered following his plea of guilty to second degree burglary (Pen. Code, § 459). He contends: "[I.] The court erred by sentencing appellant on a felony after it had previously granted summary probation. [II.] The court erred by sentencing appellant to the high term sentence."

On March 29, 1983, police officers in the City of Downey arrested appellant for the burglary of an automobile. A witness had informed the arresting officers of the burglary as it was in progress, and the stolen items were subsequently discovered in the codefendant's vehicle. Appellant pled guilty to second degree burglary on April 28, 1983, and appeared for a probation and sentencing hearing on July 1, 1983.

At sentencing the court indicated that it had read and considered the probation report and was inclined to follow its recommendation, "with the exception that the Court does not intend to make it a misdemeanor by sentence."[1] The court observed that appellant had four prior arrests for bur-

---

[1] The probation report had concluded that appellant did not appear to be a suitable candidate for probation and recommended a year in the county jail or, alternatively, the upper term of three years in prison. The probation report found no circumstances in mitigation and observed as factors in aggravation that the offense was premeditated and that appellant had not been truthful and appeared to be minimizing his arrest record.

glary, one for petty theft and one for joyriding, all with unknown dispositions and occurring within the last three years. The court then ordered that "proceedings be suspended" and granted appellant probation for three years on the condition, among others, that he spend the first year in the county jail.

Regarding whether the probation was to be formal or informal, the court stated: "If he is deported, probation is to become summary in nature only, but only until such time as he is deported. The Court intends it to remain formal probation. [¶] Additional conditions of probation, as long as he remains on formal probation, are as follows. Strike that. The defendant's a transient. No fixed address at this point to make formal probation. [¶] All right. The court will make this informal probation for three years, the only condition of probation being that the defendant is to obey all laws. [¶] The Probation Department is ordered to maintain C.I.I. checks only, and advise the Court in the event of any arrest by the defendant." The court then dismissed a second count of burglary as a part of the negotiated disposition.

On December 21, 1983, the court revoked probation pending a hearing. The probation revocation was prompted by another burglary conviction upon appellant's plea of guilty on December 14, 1983. On January 6, 1984, the court ordered a transcript of the July 1, 1983, sentencing proceedings to determine the status of that prior burglary as a felony or a misdemeanor.[2] Upon review of the July 1, 1983, transcript at a hearing on January 13, 1984, the court which had also presided over the prior proceeding observed that at that prior proceeding "the operative condition was that since he [appellant] was a transient with no fixed address the Court considered a grant of formal probation to be a futile act" and that "[i]t is very clear that this Court intended to and acted to impose a grant of felony probation." The court concluded: "I placed the defendant on summary probation to benefit the defendant, because as a transient it would be a hardship on him to keep the probation officer advised of his current mailing address at all times, which is one of the standard, as far as this Court is concerned, indispensable conditions of formal probation. Accordingly, the Court is satisfied that the defendant—and rules that the defendant remains on felony probation to this Court and therefore is susceptible to a State Prison commitment upon a violation of that probation."

The court thereafter determined that probation should remain revoked and sentenced appellant to prison for the upper term of three years. In imposing

---

[2]We have taken judicial notice of the transcript of this prior proceeding. (Evid. Code, §§ 452, subd. (d), 459.)

the upper term with custody credit of 386 days, the court commented: "The defendant in this case appears to make his livelihood by thievery. [¶] At the time of the original probation report, which was filed in this case, the recommmendation was made that the defendant be sentenced to State Prison, receive the high base term. Circumstances in aggravation at that time were that the manner in which the crime was carried out indicates premeditation and that the defendant has not been very truthful and appears to be minimizing his arrest history. The second comment is particularly borne out by the most recent September violation, desertion of probation. It bears out the fact that he is not eligible—or not suitable for probation. The fact that he has used another alias, and the extensiveness of his previous record, leads the Court to conclude that the high base term is the appropriate period of confinement."

■ Appellant urges, in essence, that since his conviction of second degree burglary is a "wobbler" which could be either a felony or a misdemeanor (*People* v. *Municipal Court* (*White*) (1979) 88 Cal.App.3d 206, 209, fn. 2 [151 Cal.Rptr. 861]), and he received summary probation which is only authorized in misdemeanor cases (Pen. Code, § 17, subd. (b)(3), § 1203, subds. (a) and (b), § 1203b), he was convicted of a misdemeanor and could not thereafter have violated felony probation and been sentenced to state prison. Appellant's contention is unavailing.

Here, the trial court specifically "suspended proceedings" when it granted summary probation and thus did not impose judgment which is the sentence. (See *People* v. *Banks* (1959) 53 Cal.2d 370, 386-387 [1 Cal.Rptr. 669, 348 P.2d 102]; cf. *People* v. *Rojas* (1975) 15 Cal.3d 540, 543, fn. 1 [125 Cal.Rptr. 357, 542 P.2d 229, 92 A.L.R.3d 1127]; *People* v. *Spencer* (1969) 71 Cal.2d 933, 934, fn. 1 [80 Cal.Rptr. 99, 458 P.2d 43].)[3] Since sentence had not yet been imposed, the grant of summary probation did not constitute a misdemeanor "sentence" so as to render his conviction a misdemeanor for all purposes. (Cf. *People* v. *Hamilton* (1948) 33 Cal.2d 45, 49-50 [198 P.2d 873].)

■ Indeed, "[i]t is settled that where the offense is alternatively a felony or a misdemeanor (depending upon the sentence), and the court suspends the pronouncement of judgment or imposition of sentence and grants probation, the offense is regarded a felony for all purposes until judgment or

---

[3]Summary probation without the imposition or execution of sentence, wherein there is probation without any probation officer supervision, is more properly referred to as a "conditional sentence" (Pen. Code, § 1203, subd. (a)) and entails the defendant reporting only to the court (Pen. Code, § 1203b), usually where, as here, he commits a subsequent offense.

sentence and if no judgment is pronounced it remains a felony [citations]." (*People* v. *Esparza* (1967) 253 Cal.App.2d 362, 364-365 [61 Cal.Rptr. 167]; see also *People* v. *Robinson* (1960) 184 Cal.App.2d 69, 79 [7 Cal.Rptr. 202].) If the offense is a "wobbler," it is generally considered a felony for every purpose up to the imposition of judgment at which time it is rendered prospectively a felony or a misdemeanor in the discretion of the court. (*People* v. *Graff* (1956) 144 Cal.App.2d 199, 206 [300 P.2d 837].) The exception, inapplicable here, is where, pursuant to Penal Code section 17, subdivision (b)(3), as amended in 1963, "the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." In such a case, the offense becomes a misdemeanor at the outset and remains so.

■ The court at the time of granting probation to appellant specifically stated that it "does not intend to make it a misdemeanor by sentence" and thereafter during the probation revocation proceeding deemed the matter a felony. When, as here, probation is granted without imposing sentence and without "declar[ing] the offense to be a misdemeanor" (Pen. Code, § 17, subd. (b)(3)), the court retains the discretion to impose a felony or a misdemeanor sentence at a later date. (Cf. *People* v. *Hannon* (1971) 5 Cal.3d 330, 334 [96 Cal.Rptr. 35, 486 P.2d 1235].) At that later date the court confirmed its initial view on the matter and rendered appellant's sentence a felony. Accordingly, appellant was properly sentenced to state prison for a felony burglary upon revocation of the probation previously granted.

■ Finally, the trial court did not err in sentencing appellant to the upper term. Appellant urges as factors in mitigation that he pled guilty at an early stage of the proceedings, that he was only 18 years old, and that he was "sorry" and was willing to make restitution if placed on probation. The trial court, however, is deemed to have considered such relevant criteria (Cal. Rules of Court, rule 409) and need not state reasons for rejecting purported mitigating factors. (*People* v. *Mendonsa* (1982) 137 Cal.App.3d 888, 896 [187 Cal.Rptr. 363].) In relying upon the premeditation involved in the offense and upon appellant's lack of truthfulness, the trial court did state its reasons for imposing the upper term (Cal. Rules of Court, rules 408, 421(a)(8), 439) which was properly based upon circumstances existing at the time probation was granted (see Cal. Rules of Court, rule 435(b)(1)). The trial court did not abuse its discretion in imposing the upper term of three years with three-hundred and eighty-six days of custody credit. (*People* v. *Evans* (1983) 141 Cal.App.3d 1019, 1022 [190 Cal.Rptr. 633]; *People* v. *Hubbell* (1980) 108 Cal.App.3d 253, 260 [166 Cal.Rptr. 466].)

The judgment (order revoking probation) is affirmed.

Arguelles, J., and Dunn, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.