[No. B128359. Second Dist., Div. Four. July 12, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICK W. GLEE, Defendant and Appellant.

COUNSEL

Kyle Marie Wesendorf, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Mary Sanchez and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HASTINGS, J.**—On January 20, 1998, appellant burglarized a house on Cardary Street in Hawthorne. A jury found him guilty of that crime, and

found that he previously had been convicted of assault with a deadly weapon in violation of Penal Code section 245, subdivision (a) in January of 1983, robbery in violation of Penal Code section 211 in August of 1984, and possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a) in August of 1986. Sentenced to prison for a term of 35 years to life, appellant contends he is entitled to a new sentencing hearing because there was insufficient evidence to prove that his prior conviction for assault was a serious felony within the meaning of the "Three Strikes" law, because the trial court deprived him of the opportunity to present all relevant sentencing information, and because the court made its sentencing decision before hearing all the evidence.

For reasons explained in this opinion, we modify the judgment to vacate the finding that appellant's conviction in *People v. Glee* (Super. Ct. L.A. County, 1983, No. A902012) constitutes a strike within the meaning of the Three Strikes law, and remand for the limited purpose of resentencing in light of this modification. In all other respects the judgment is affirmed.

## I

The proof of appellant's prior assault conviction consisted of a transcript of the sentencing hearing in *People v. Glee, supra*, No. A902012, and several documents filed in that case, including an information, an amended information, two minute orders, a report of an indeterminate sentence or other sentence choice and a Department of Justice form entitled "Disposition of Arrest and Court Action." These documents proved that appellant was originally charged in that matter with attempting to rob victim Jesus Romero on July 21, 1982, with personal use of a handgun within the meaning of Penal Code section 12022.5, making appellant ineligible for probation under Penal Code section 1203.06, subdivision (a) and with personal infliction of great bodily injury on the victim within the meaning of Penal Code section 12022.7, making appellant ineligible for probation under Penal Code section 1203.075. By amendment, appellant was charged with assaulting victim Romero with a firearm in violation of Penal Code section 245, subdivision (a)(2), with personal use of a handgun within the meaning of Penal Code section 12022.5, and personal infliction of great bodily injury within the meaning of Penal Code sections 12022.7 and 1203.075. The prosecution moved to strike the Penal Code section 1203.06 and 1203.075 allegations, conceding that those sections did not apply. Appellant then entered a plea of guilty to assault with a firearm in violation of Penal Code section 245, subdivision (a)(2) in return for the promise that his sentence would be "a grant of probation, with a year in the county jail, with probation to terminate at the end of that year."

■ Appellant contends this evidence was not sufficient to prove that his conviction in *People v. Glee, supra*, No. A902012, was a serious felony within the meaning of the Three Strikes law because an assault with a deadly weapon or by means of force likely to produce great bodily injury may be committed without either of the two circumstances which would render the offense a serious felony for purposes of the Three Strikes law. Those circumstances are personal infliction of great bodily harm and personal use of a firearm. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 261-262 [70 Cal.Rptr.2d 334, 949 P.2d 31].)

Respondent concedes the error. Respondent requests that we remand for retrial on this issue. As we shall explain, remand for that purpose is not necessary.

## II

The assault of which appellant was convicted in *People v. Glee, supra*, No. A902012, was a wobbler, punishable either by "imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment." (Pen. Code, § 245, subd. (a)(1).)

Penal Code section 667, subdivision (d)(1) provides, in part: "The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed *unless the sentence automatically, upon the initial sentencing,* converts the felony to a misdemeanor." (Italics added.) Under Penal Code section 17, a felony is automatically converted to a misdemeanor "[a]fter a judgment imposing a punishment other than imprisonment in the state prison." (Pen. Code, § 17, subd. (b)(1).)[1]

Pursuant to Government Code section 68081, we requested the parties to address at oral argument whether the sentence imposed for appellant's

---

[1]The four other circumstances under which a felony becomes a misdemeanor for all purposes are: "(2) When the court, upon committing the defendant to the Youth Authority, designates the offense to be a misdemeanor. [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor. [¶] (4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant at the time of his or her arraignment or plea objects to the offense being made a misdemeanor, in which event the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint. [¶] (5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint." (Pen. Code, § 17, subd. (b).)

assault conviction automatically, upon sentencing, converted it to a misdemeanor within the meaning of Penal Code section 667, subdivision (d)(1). At oral argument, we granted the parties additional time for supplemental briefs on the issue, and we have received and reviewed the supplemental briefing they have submitted.

Respondent contends that the only portion of Penal Code section 17 that is "pertinent" to this case is subdivision (b)(3). Under that subdivision, a felony becomes a misdemeanor when the "court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." This provision has no relevance to our inquiry because a felony can never be converted *automatically* to a misdemeanor under that section. Therefore, we need not discuss respondent's contention that appellant's prior conviction did not become a misdemeanor for all purposes under that subdivision.

Respondent also contends that appellant's prior conviction remained a felony under the rule that "[W]here the offense is alternatively a felony or misdemeanor (depending upon the sentence), and the court suspends the pronouncement of judgment or imposition of sentence and grants probation, the offense is regarded as a felony for all purposes *until judgment or sentence and if no judgment is pronounced it remains a felony*." (*People v. Esparza* (1967) 253 Cal.App.2d 362, 364-365 [61 Cal.Rptr. 167], italics added.) In support of this assertion, respondent cites cases in which proceedings were suspended, the defendant was ordered to serve jail time as a condition of probation and some portion of the probationary period remained after the defendant's release from jail.[2] In varying procedural postures, the reviewing courts held that imposition of jail time as a condition of probation was not a

---

[2]The cases cited by respondent are: *People v. Esparza, supra,* 253 Cal.App.2d 362, in which the court rejected the claim that the defendant's right to be free from double jeopardy was violated by virtue of the fact that he was sentenced first to 10 months in the county jail and then by imprisonment when he violated the terms of his probation; *People v. Balderas* (1985) 41 Cal.3d 144, 203 [222 Cal.Rptr. 184, 711 P.2d 480], in which the reviewing court held that the defendant's prior conviction for auto theft was a felony where the complaint charged a felony, the defendant pled guilty to a felony, and the superior court "withheld sentence and granted probation" and none of the circumstances specified in Penal Code section 17 occurred to render the crime a misdemeanor; *People v. Banks* (1959) 53 Cal.2d 370, 375 [1 Cal.Rptr. 669, 348 P.2d 102], in which the defendant's prior conviction was not a misdemeanor because imposition of sentence was suspended, the defendant successfully completed probation without violation and was entitled to have the charge dismissed pursuant to Penal Code section 1203.4, but did not seek dismissal; *People v. Camillo* (1988) 198 Cal.App.3d 981, 986 [244 Cal.Rptr. 286], in which the court noted in a footnote that the defendant stood convicted of a felony where the crime was a wobbler, but imposition of sentence was suspended, defendant was granted probation for a period of time not specified in the opinion and ordered to serve 30 days in the county jail as a condition of probation; *People v. Soto* (1985) 166

judgment and did not render the crime a misdemeanor. Respondent argues that these cases support the conclusion no judgment was pronounced on appellant's prior conviction which, for this reason, remained a felony.

Appellant counters that the cases cited by respondent do not control because judgment in the case in question was pronounced, and the judgment was a misdemeanor sentence. Appellant draws this conclusion from the fact that the court granted appellant summary probation, authorized only in misdemeanor cases, and terminated probation upon completion of the jail time.

Appellant is correct that summary probation is not authorized in felony cases. A grant of informal or summary probation is a "conditional sentence." (Pen. Code, § 1203, subd. (a); *People v. Bishop* (1992) 11 Cal.App.4th 1125, 1130 [15 Cal.Rptr.2d 539]; *People v. Disibio* (1992) 7 Cal.App.4th Supp. 1, 6 [9 Cal.Rptr.2d 20]; *City of Victorville v. County of San Bernardino* (1991) 233 Cal.App.3d 1312, 1314 [285 Cal.Rptr. 206].) Conditional sentences are authorized only in misdemeanor cases. (Pen. Code, §§ 1203, subd. (a) ["It is the intent of the Legislature that both conditional sentence and probation are authorized whenever probation is authorized in any code as a sentencing option for infractions or misdemeanors"]; 1203, subd. (d) ["If a person is convicted of a misdemeanor, the court may either refer the matter to the probation officer for an investigation and a report or summarily pronounce a conditional sentence"]; 1203b ["All courts shall have power to suspend the imposition or execution of a sentence and grant a conditional sentence in misdemeanor and infraction cases without referring such cases to the probation officer"].)

Despite this fact, respondent contends a grant of summary probation does not compel the conclusion the crime was rendered a misdemeanor. Respondent cites *People v. Soto, supra,* 166 Cal.App.3d 770. In that case, the defendant was convicted of second degree burglary, granted informal probation for a period of three years and ordered to spend the first year of the probationary period in county jail. When this sentence was imposed, the court stated that it did " 'not intend to make it a misdemeanor by sentence.' " (*Id.* at p. 775.) After his release from jail, but during the probationary period, the defendant committed another burglary. He contended he could not be

Cal.App.3d 770 [212 Cal.Rptr. 696], discussed in the body of this opinion, and *People v. Livingston* (1970) 4 Cal.App.3d 251 [84 Cal.Rptr. 237], in which the defendant's prior conviction was held to be a felony because he had not been sentenced to county jail within the meaning of Penal Code section 17, but instead was granted probation on condition that he serve county jail time and with the promise the crime would be reduced to a misdemeanor "only after [he] demonstrated that he 'behaved himself' during the following year." (4 Cal.App.3d at p. 255.)

sentenced to prison on the probation violation because the grant of summary probation rendered his crime a misdemeanor. The sentencing court rejected this argument, stating: " '[I]t is very clear that this Court intended to and acted to impose a grant of felony probation.' . . . 'I placed the defendant on summary probation to benefit the defendant, because as a transient it would be a hardship on him to keep the probation officer advised of his current mailing address at all times, which is one of the standard, as far as this Court is concerned, indispensable conditions of formal probation. Accordingly, the Court is satisfied that the defendant . . . remains on felony probation to this Court and therefore is susceptible to a State Prison commitment upon a violation of that probation.' " (*Id.* at p. 773.) The court revoked probation and sentenced the defendant to prison. The reviewing court affirmed, reasoning that the sentencing court clearly did not intend to reduce the crime to a misdemeanor (*id.* at p. 775), and, in fact, did not since it "specifically 'suspended proceedings' when it granted summary probation and thus did not impose judgment which is the sentence. [Citations.]" (*Id.* at p. 774.)

In appellant's prior case, as in *Soto,* the court suspended proceedings. And, as in *Soto,* the record contains an ambiguity in that the court stated it was placing the defendant on "felony probation for a period of one year," but then specified that the probation was "summary probation." But appellant's case is distinguishable from *Soto* in that the court did not indicate an intention to impose a felony sentence. On the contrary, appellant was informed by the prosecutor, prior to entering his plea of guilty, that his sentence would be one year in the county jail with probation to terminate upon his release from the county jail. After application of presentence and postsentence credits, appellant was left with 36 days left to serve on this sentence. Although the prosecutor advised appellant that "a person who is convicted of this offense of 245 of the Penal Code can be sentenced to state prison for two years, three years or four years," appellant was not advised that if he violated probation a prison sentence could be imposed. This record supports the inference that the sentencing court did not intend to retain jurisdiction over appellant with the possibility of later imposing a prison sentence. Under these circumstances, we must presume the sentencing court granted summary probation and ordered probation to terminate upon appellant's release from jail "with discriminating appreciation of the effect of the form of his order upon defendant's activities and status. [Citation.]" (*People v. Banks, supra,* 53 Cal.2d at p. 387.)

Accordingly, we conclude that when the court suspended proceedings, granted summary probation, ordered appellant to serve one year in the county jail and directed that probation be terminated upon completion of the jail term, it automatically rendered the crime a misdemeanor pursuant to

Penal Code section 17, subdivision (b)(1). (See *People v. Hamilton* (1948) 33 Cal.2d 45, 49 [198 P.2d 873], disapproved on other grounds in *People v. Guiuan* (1998) 18 Cal.4th 558, 569, fn. 4 [76 Cal.Rptr.2d 239, 957 P.2d 928] [where a defendant had previously been convicted of burglary and the sentence imposed for that crime was six months in the county jail, he stood convicted of a misdemeanor, not a felony].) It necessarily follows that the conviction does not constitute a prior serious felony conviction within the meaning of the Three Strikes law. (*People v. Trausch* (1995) 36 Cal.App.4th 1239, 1246 [42 Cal.Rptr.2d 836] ["[T]he Legislature clearly recognized the effect of sentencing pursuant to section 17 in the context of the three strikes statute and did not override that effect in its scheme determining whether a prior conviction qualifies as a strike"].) Accordingly, we modify the judgment to vacate the finding that appellant's conviction in *People v. Glee, supra,* No. A902012, constitutes a strike and remand for resentencing.

In light of this disposition, we need not discuss appellant's contention that he was deprived of a full and fair sentencing hearing. Nor need we modify the judgment, as requested by respondent, to impose and suspend a parole revocation fine pursuant to Penal Code section 1202.45. The prosecutor may raise that issue, if appropriate, at the time of resentencing.

## Disposition

For the foregoing reasons, the judgment is modified to vacate the finding that appellant's conviction in *People v. Glee, supra,* No. A902012, constitutes a strike within the meaning of the Three Strikes law, and the matter remanded for the limited purpose of resentencing in light of this modification. In all other respects the judgment is affirmed.

Vogel (C. S.), P. J., and Epstein, J., concurred.

Respondent's petition for review by the Supreme Court was denied October 18, 2000.