[No. H031717. Sixth Dist. Sept. 23, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER LENN BARKLEY, Defendant and Appellant.

COUNSEL

Ozro William Childs, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Jeffrey M. Laurence and Margo J. Yu, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MIHARA, J.—Defendant Christopher Lenn Barkley was convicted by jury trial of possession for sale or purchase for sale of cocaine base (Health & Saf. Code, § 11351.5). A court trial was held on allegations that he had suffered a prior strike conviction (Pen. Code, §§ 667, subds. (b)–(i), 1170.12) and served a prison term for a prior felony conviction (Pen. Code, § 667.5, subd. (b)). Defendant admitted that he had suffered a prior conviction for violating Penal Code section 245, subdivision (a)(1). However, he contended that the conviction did not qualify as a strike because it had been sentenced as a misdemeanor. The court found the allegations true. Defendant was committed to state prison for a term of nine years, which included a doubled midterm for the possession offense due to the strike prior.

On appeal, defendant claims that the trial court erred in concluding that his prior conviction was a felony.[1] We conclude that the record supports the trial court's conclusion that the prior conviction was a felony, and we affirm the judgment.

## I. Procedural Background

Defendant was charged by amended information with possession for sale or purchase for sale of cocaine base (Health & Saf. Code, § 11351.5), and it was further alleged that he had suffered a prior strike conviction (Pen. Code, §§ 667, subds. (b)–(i), 1170.12) and served a prison term for a prior felony conviction (Pen. Code, § 667.5, subd. (b)). The strike prior was alleged to be a Penal Code section 245, subdivision (a)(1) conviction with personal use of a deadly or dangerous weapon and personal infliction of great bodily injury.

A jury found defendant guilty of the possession count. Defendant waived his right to a jury trial on the prior strike and prison prior allegations. He

[1] Defendant also asserts that the trial court erred in receiving testimony at the court trial by the sentencing judge in the prior case, but he concedes that it was harmless, as the trial court disregarded it.

admitted that he had suffered the assault conviction, but he contended that it did not qualify as a strike conviction. Defendant's trial counsel argued that, under *People v. Glee* (2000) 82 Cal.App.4th 99 [97 Cal.Rptr.2d 847] (*Glee*), defendant's prior conviction did not qualify as a strike because defendant had received "a misdemeanor sentence." The prosecutor argued that, under *People v. Soto* (1985) 166 Cal.App.3d 770 [212 Cal.Rptr. 696] (*Soto*), defendant's prior conviction was a felony, not a misdemeanor.[2] The prior conviction and prison prior allegations were tried to the court, and the court found both allegations true. Defendant was committed to state prison for a term composed of the doubled midterm of eight years for the possession offense and a consecutive one-year term for the prison prior. Defendant filed a timely notice of appeal.

## II. Analysis

The sole issue at the court trial and the sole issue before us is whether defendant's prior conviction was a felony.

At the court trial, the prosecution introduced documentary evidence and, over defendant's objection, the sentencing judge's testimony. The documentary evidence from the prior proceeding consisted of the information, the transcript of the change of plea hearing, the transcript of the sentencing hearing, and the clerk's minutes from the sentencing hearing.

Defendant had been charged with felony assault with a deadly weapon, and it had been specially alleged that the offense was a serious felony under Penal Code sections 667 and 1192.7 because he had personally used the weapon, a replica firearm that he had used as a club. It was further alleged that he had personally inflicted great bodily injury on the victim (Pen. Code, § 12022.7, subd. (a)). Defendant had also been charged in the same information with making a criminal threat (Pen. Code, § 422).

At the change of plea hearing, the court, Judge Lisk, informed defendant that the plea agreement would require him to plead to the assault count and admit the personal use and personal infliction allegations. "If you plead to Count 1, admit the great bodily injury enhancement, and admit the use of the weapon, Count 1 becomes a strike prior that can be used in the future to punish you. The DA's office will dismiss Count 2 at sentencing, promises

---

[2] In *Soto*, the sentencing court in the prior proceeding explicitly " 'suspended proceedings,' " placed the defendant on summary or informal probation for three years, ordered him to serve a year in county jail as a condition of probation, and stated that the court " 'does not intend to make it a misdemeanor by sentence.' " (*Soto, supra*, 166 Cal.App.3d at pp. 772–775.) The Court of Appeal rejected the defendant's claim that this disposition was a misdemeanor sentence that converted the wobbler conviction to a misdemeanor. (*Soto*, at p. 775.) *Soto* is not particularly helpful here, as the sentencing court there, unlike here, explicitly suspended imposition of sentence and expressly stated that it was not imposing a misdemeanor sentence.

that you will not be sent to state prison. You will be ordered to serve 12 months in the county jail top and bottom. [¶] You could be on probation for up to five years." "The strike aspects of this strike, Christopher, are that in the future if you pick up a felony of any kind, small, large, or medium, this strike prior is going to be used not only to double the punishment, but to make you ineligible for probation." Defendant accepted the plea agreement, pleaded no contest to the assault count, admitted the allegation that he "committed a felony pursuant to 667 and 1192.7, which makes this a strike prior," and admitted the great bodily injury allegation.

Defendant waived his right to be sentenced by Judge Lisk, and the sentencing hearing was held before Judge Terry. Defendant was sentenced in the assault case at the same time as he was sentenced in an unrelated narcotics case. Defendant was denied probation and committed to state prison for a two-year term for the narcotics case. On the assault case, Judge Terry first struck the personal infliction enhancement. "It is the judgment and order of the court in this matter that the defendant be granted probation generally. As a condition of probation he is ordered to serve 12 months in the county jail. [¶] Ordered to pay restitution as may be determined. [¶] He is ordered not to own or possess a firearm of any kind. [¶] Pay restitution fund fine in the sum of $200. [¶] $140.50 criminal justice administration fee. [¶] Ordered to provide two blood, one saliva sample under section 296. [¶] Have no contact with the victims. [¶] Presentence investigation fee not to exceed $300. [¶] And $300 as and for attorneys fees." Judge Terry ordered the jail term to run concurrent to the prison term imposed in the narcotics case. He also said: "I am planning on terminating probation upon completion of the county jail sentence where he has about 10 days more to go." The clerk's minutes from the sentencing hearing identified the assault as a felony and had the box checked for "FORMAL PROBATION GRANTED."

Judge Terry testified at the court trial that he had no independent recollection of defendant's prior case. Judge Terry explained that his reference to "grant[] probation generally" meant that he intended to "maintain the matter as a felony." If he had intended to impose a misdemeanor sentence, he would have "simply given him credit for time served."

The trial court concluded that "[t]he testimony of Judge Terry, although quite interesting, really adds nothing to what I consider to be a complete documentary record of the plea and the judgment . . . ." The court noted that the sentencing transcript showed that Judge Terry had imposed a firearm prohibition and the requirement that defendant produce blood and saliva samples, which were required only for felony convictions. The court found the prior strike allegation true beyond a reasonable doubt.

■ We can find no error in the trial court's conclusion that defendant's prior assault conviction was a felony. A violation of Penal Code section 245, subdivision (a)(1) is alternatively punishable as either a felony or a misdemeanor. (Pen. Code, § 245, subd. (a)(1).) "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison." (Pen. Code, § 17, subd. (b).) "The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." (Pen. Code, § 667, subd. (d)(1); see § 1170.12, subd. (b)(1).)

■ Defendant's prior Penal Code section 245, subdivision (a)(1) conviction was a strike unless Judge Terry entered "a judgment imposing a punishment other than imprisonment in the state prison."[3] (Pen. Code, § 17, subd. (b)(1).) Either Judge Terry entered a judgment imposing a misdemeanor jail sentence, or he suspended imposition of judgment and placed defendant on felony probation conditioned on defendant's service of a jail term. The documentary evidence is inconsistent with the former and consistent with the latter. Judge Terry did not explicitly state that he was suspending imposition of judgment, but he did explicitly state that he was granting probation and that defendant was required to serve a jail term "[a]s a condition of probation." There was no evidence that Judge Terry intended to impose a sentence that was inconsistent with defendant's plea agreement, and the plea agreement explicitly required the conviction to constitute a strike prior. All of Judge Terry's orders at the sentencing hearing, including his orders regarding firearms and blood and saliva samples, were consistent with felony probation and inconsistent with the imposition of a misdemeanor jail sentence.

Relying on *Glee*, defendant asserts that his prior assault conviction was a misdemeanor because he was "promised a misdemeanor sentence" and "[t]hat promise was honored." In *Glee*, the defendant contended that his prior conviction for assault with a firearm was not a strike. Glee had pleaded guilty to the assault count in exchange for "the promise that his sentence would be 'a grant of probation, with a year in the county jail, with probation to terminate at the end of that year.' " (*Glee, supra*, 82 Cal.App.4th at p. 101.) The promised sentence had been imposed, and Glee had needed to serve only 36 days in custody after sentencing before the termination of his probation, due to his accumulated credits. (*Glee*, at pp. 101, 104–105.) Glee had not

---

[3] While there are other circumstances under which an alternatively punishable offense may be a misdemeanor, defendant does not contend that his prior conviction became a misdemeanor under any circumstance other than the one stated in Penal Code section 17, subdivision (b)(1).

been informed when he entered his plea that a violation of his probation could result in the imposition of a state prison term. (*Glee*, at pp. 104–105.)

The *Glee* court concluded that the sentencing court's *imposition of a sentence* for the assault offense of one year in county jail and one year of summary probation to terminate at the end of the jail term was a "misdemeanor sentence" that "automatically converted" the assault offense to a misdemeanor. (*Glee, supra*, 82 Cal.App.4th at pp. 102, 104–105.) It distinguished cases where imposition of sentence had been suspended, "the defendant was ordered to serve jail time as a condition of probation and some portion of the probationary period remained after the defendant's release from jail." (*Glee*, at p. 103.) The *Glee* court focused on whether the sentencing courts in those cases *intended* to impose *felony* sentences. In the *Glee* court's view, Glee had been sentenced by a court that intended to impose a misdemeanor sentence. The *Glee* court found that "[t]his record supports the inference that the sentencing court did not intend to retain jurisdiction over appellant with the possibility of later imposing a prison sentence." (*Glee*, at p. 105.) This inferred intent, according to the *Glee* court, triggered a presumption that the sentencing court had intended to impose a misdemeanor sentence thereby automatically converting the offense to a misdemeanor. (*Ibid.*)

██ The case before us is distinguishable from *Glee*. First, unlike in *Glee*, defendant expressly admitted at the change of plea hearing, pursuant to the plea agreement, that his assault conviction would qualify as a serious *felony* conviction, and he was explicitly informed of the future penal consequences of that fact. Second, unlike in *Glee*, defendant was never told that his "sentence" would be a year in jail. The sentencing court explicitly stated that it was ordering "that the defendant be granted probation generally" and "[a]s a condition of probation he is ordered to serve 12 months in the county jail." (Italics added.) A jail term that is imposed as a condition of probation is not a misdemeanor "sentence." (*People v. Esparza* (1967) 253 Cal.App.2d 362, 365 [61 Cal.Rptr. 167].) Finally, unlike in *Glee*, here both Judge Lisk, who accepted defendant's plea, and Judge Terry, who sentenced defendant, obviously intended for the conviction to be a felony. Judge Lisk strongly emphasized that defendant was pleading to a serious felony which would be a strike and would result in the doubling of any punishment imposed for a subsequent felony. Judge Terry's orders regarding firearms and blood and saliva samples were appropriate *only* as part of a *felony* sentence.[4]

---

[4] Nevertheless, to avoid issues such as this one from arising in the future, we encourage sentencing judges to state explicitly on the record that they are suspending imposition of sentence.

The trial court's conclusion that defendant's prior assault conviction was a felony strike prior is supported by the record of conviction, so the trial court did not err in doubling defendant's midterm sentence.

### III. Disposition

The judgment is affirmed.

Bamattre-Manoukian, Acting P. J., concurred.

**McADAMS, J.,** Concurring.—I concur in the judgment.

I write separately because I do not join the analysis in the penultimate paragraph of the majority opinion distinguishing *People v. Glee* (2000) 82 Cal.App.4th 99 [97 Cal.Rptr.2d 847]. I agree with my colleagues that under *Glee*, the reviewing court properly focused on whether the trial court intended to impose a felony sentence. In this case, the judge taking the plea clearly intended to impose a felony sentence and the sentencing judge did not indicate any disagreement with the first judge, in spite of the ambiguous language during sentencing. For this reason, following *Glee*, I would affirm the judgment.

Appellant's petition for review by the Supreme Court was denied December 23, 2008, S167872. Werdegar, J., did not participate therein.