Filed 12/16/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B243507 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA114951) |
| v. | |
| BRANDON DIONTE WILLIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Antonio Barreto, Jr., Judge. Reversed and remanded with directions.

Gail Ganaja, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The issue in this case is whether the trial court validly exercised its authority in sentencing defendant Brandon Dionte Willis for a "wobbler" offense. Defendant appeals from the court's judgment that extended his probation beyond three years from the beginning of his original summary probation period. He contends that in an earlier proceeding, the trial court classified his conviction as a misdemeanor, which limits probation to three years. Respondent argues that defendant's conviction was not classified as a misdemeanor, but remained a felony, which would allow the probation extension. We conclude that the earlier court treated defendant's offense as a misdemeanor and thus the trial court lacked authority to extend his probation period beyond three years. Accordingly, we reverse the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

On October 25, 2010, defendant Willis pled guilty to a charge of unlawful possession of a controlled substance, phencyclidine (PCP),[1] Health and Safety Code section 11377. The court placed him on deferred entry of judgment (DEJ) for 18 months, which began a series of extensions, revocations, and reinstatements due to his failure to provide proof of enrollment in a DEJ program. First, defendant failed to provide proof of enrollment on December 21, 2010, so the court resumed criminal proceedings. On February 2, 2011, the court reinstated his DEJ. Then the court twice extended the time for him to provide proof of enrollment in a program: a 10-day extension granted on February 25, and a continuance granted on March 15, 2011. On April 25, 2011, the court terminated his DEJ, once again for failure to provide proof of enrollment.

On August 9, 2011, the trial court ordered the imposition of a suspended sentence, with summary probation for 36 months. The order of summary probation included conditions: defendant was to serve 12 days in county jail, not possess illegal drugs or paraphernalia, avoid areas where known drug users congregate, not possess or use deadly weapons, consent to searches at any time by law enforcement or probation officers, obey all laws and court orders, and provide fingerprints, cheek swab samples, and blood

---

[1] Defendant did not enter a plea as to the second charged offense, being under the influence of PCP, Health and Safety Code section 11550.

specimens pursuant to Penal Code section 296.[2] On February 23, 2012, the court revoked defendant's summary probation.

At a probation violation hearing on August 17, 2012, the court found by clear and convincing evidence that defendant had violated the probation conditions. The evidence demonstrated that he had been in receipt of stolen property, a violation of the condition that he obey all laws. As a result, the court reinstated the August 2011 probation grant, but modified it from summary probation to formal probation for 36 months from the August 2012 hearing date. Defendant filed a timely notice of appeal on August 20, 2012.

## DISCUSSION

Defendant contends the court erred in extending his probation because, at an earlier proceeding, the court had classified his conviction as a misdemeanor. He argues that the probation extension should be reversed because misdemeanors may not be punished by probation in excess of three years. We agree.

The crime of which defendant was convicted was a "wobbler," which may be punished by either "imprisonment in a county jail for a period of not more than one year or as a felony pursuant to subdivision (h) of Section 1170 of the Penal Code." (Health & Saf. Code, § 11377.) Section 1170 provides that "a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years." (§ 1170, subd. (h)(1).) The classification of defendant's offense of unlawful possession of PCP turns on whether the court treated the offense as a misdemeanor or felony in earlier proceedings. We review this question of law under a de novo standard. (*People v. Simmons* (2012) 210 Cal.App.4th 778, 790 ["Issues of statutory interpretation are questions of law subject to de novo review."].)

Defendant asserts that the court's order of summary probation indicates that it categorized the offense as a misdemeanor. Under section 17, a felony converts automatically to a misdemeanor "[a]fter a judgment imposing a punishment other than

---

[2] All further statutory references are to the Penal Code, unless otherwise indicated.

3

imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170." (§ 17, subd. (b)(1); *People v. Park* (2013) 56 Cal.4th 782, 795 ["when a wobbler is reduced to a misdemeanor in accordance with the statutory procedures, the offense thereafter is deemed a 'misdemeanor for all purposes,' except when the Legislature has specifically directed otherwise"].) Defendant relies on *People v. Glee* (2000) 82 Cal.App.4th 99 (*Glee*), to demonstrate that the court's grant of summary probation amounted to a classification of the offense as a misdemeanor.

In *Glee*, the defendant pled guilty to assault with a firearm in exchange for "the promise that his sentence would be 'a grant of probation, with a year in the county jail, with probation to terminate at the end of that year.'" (*Glee*, *supra*, 82 Cal.App.4th at p. 101.) The court granted summary probation for this wobbler offense. (*Id.* at pp. 102, 104.) In reviewing the classification of the offense, the appellate court examined whether the trial court intended to designate the offense as a felony or misdemeanor. (*Glee* at p.105.) It concluded that the record supported an inference that the "sentencing court did not intend to retain jurisdiction over appellant with the possibility of later imposing a prison sentence" (*ibid*.) since the court never advised appellant that a prison sentence could later be issued for violating his probation, and more fundamentally, since "summary probation is not authorized in felony cases." (*Id*. at p. 104.) Instead, "[a] grant of informal or summary probation is a 'conditional sentence.'" (*Ibid.*) "Conditional sentences are authorized only in misdemeanor cases." (*Ibid*.; § 1203, subd. (a).) Given these facts, the court held that the conviction was a misdemeanor, and not a felony. (*Glee*, at p. 104.)

As in *Glee*, here the court imposed a sentence of 36 months of summary probation subject to terms and conditions. Following the reasoning in *Glee*, the court's imposition of summary probation was a conditional sentence, which is only available in misdemeanor cases. (*Glee*, *supra*, 82 Cal.App.4th at p. 104.) The record indicates no evidence of an intent to classify the offense as a felony, apart from standard minute orders designating the charge as a felony. (*Id*. at p. 105.) The reporter's transcripts of both August probation hearings, in 2011 and 2012, reveal no indication of any intent to

4

classify the offense as a felony. As a result, by ordering summary probation, the court classified defendant's offense as a misdemeanor.

Respondent maintains that the imposition of summary probation did not classify the offense as a misdemeanor. It relies on a limited exception to section 17, under which a court does not classify a conviction as a misdemeanor where it clearly retains the discretion to impose a felony sentence at a later date. (*People v. Soto* (1985) 166 Cal.App.3d 770, 775 (*Soto*).) Respondent contends that the court's conduct in ordering probation indicated an intent to retain jurisdiction, and thus defendant's conviction was a felony.

In *Soto*, the court specifically stated that it did "'not intend to make [the offense] a misdemeanor by sentence' and thereafter during the probation revocation proceeding deemed the matter a felony." (*Soto*, *supra*, 166 Cal.App.3d at p. 775.) The trial court did not classify the crime as a misdemeanor because it expressly reserved jurisdiction to pursue the offense as a felony at a later date, and it granted probation without imposing a sentence. (*Ibid.*) As a result, the trial court properly sentenced the defendant to a felony. (*Ibid.*)

*Soto* is distinguishable from this case, since here the court did not expressly reserve discretion to impose a later felony sentence. When sentencing defendant to summary probation for 36 months, the court made no statement indicating an intent to preserve a felony option for sentencing. Aside from standard minute orders describing the charge as a felony, the court did not specifically characterize or label the offense as a felony. As in *Glee*, "the court did not indicate an intention to impose a felony sentence." (*Glee*, *supra*, 82 Cal.App.4th at p. 105.)

Respondent also argues that the conditions of the summary probation indicate the court's characterization of the offense as a felony. It points to the August 2011 condition requiring defendant to provide fingerprints, cheek swab samples, and blood specimens pursuant to section 296. Because section 296 applies to "[a]ny person, including any juvenile, who is convicted of or pleads guilty or no contest to any felony offense,"

5

respondent argues that the court must have intended to classify the offense as a felony. (§ 296, subd. (a)(1).) Respondent, however, misreads section 296.

A defendant's guilty plea or conviction of a felony determines whether section 296 applies. (§ 296; *Coffey v. Superior Court* (2005) 129 Cal.App.4th 809, 821-822 ["[I]t is a defendant's guilty plea or verdict, not the sentence subsequently imposed, which triggers the DNA collection provision."].) Nevertheless, simply invoking section 296 does not indicate a court's classification of an offense as a felony. A defendant who "pleads guilty or no contest to any felony offense" can trigger the specifications without the court designating the offense as a felony. (§ 296.) Section 296 provides, in pertinent part, that "[n]othing in this chapter shall be construed as prohibiting collection and analysis of specimens, samples, or print impressions as a condition of a plea for a non-qualifying offense." (§ 296, subd. (a)(5).) When the trial court conditioned the summary probation on defendant providing samples, it complied with this provision because he had pled guilty to the charge. And pursuant to this subdivision, the probation condition requiring defendant to provide samples does not indicate that the summary probation was intended for a felony offense. Instead, the trial court was authorized to apply section 296 standards due to defendant's guilty plea. (§ 296.)

Finally, we asked the parties to submit further briefing on the application of section 1210.1, subdivision (a) to this case. The statute requires the court to grant probation and drug treatment to any person convicted of a nonviolent drug possession offense. (§ 1210.1, subd. (a).) In doing so, "the trial court is not otherwise limited in the type of probation conditions it may impose." (*Ibid.*) Respondent argues we should remand the matter for reconsideration of the sentence, because the record does not indicate whether the court sentenced defendant under section 1210.1. We disagree for two reasons. First, the August 2011 probation order did not require defendant to complete a drug treatment program, which section 1210.1 requires. (§ 1210.1, subd. (a) ["As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program."].) Without such a requirement, it is clear that the trial court did not impose the sentence pursuant to section 1210.1. Second, appellant

failed to comply with the drug treatment program during his deferred entry of judgment. "Refusal of drug treatment under a DEJ qualifies as a refusal for purposes of [section 1210.1]." (*People v. Friedeck* (2010) 183 Cal.App.4th 892, 898; § 1210.1, subd. (b)(4) [providing an exception for "[a]ny defendant who refuses drug treatment as a condition of probation"].) As a result, we find that section 1210.1 does not apply here.

In summary, the court initially imposed summary probation, a disposition reserved for misdemeanors. In doing so, it effectively classified the offense as a misdemeanor. Section 17 provides that conversion from a felony to a misdemeanor is automatic "[a]fter a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail." (§ 17, subd. (b)(1).)

## DISPOSITION

The judgment extending defendant's probation beyond three years is reversed with direction to impose a sentence consistent with misdemeanor punishment.


**CERTIFIED FOR PUBLICATION**




EPSTEIN, P. J.


We concur:


MANELLA, J.


SUZUKAWA, J.



7

SUZUKAWA, J., Concurring.


Penal Code section 1203, subdivision (a) defines probation and a conditional sentence. Probation "means the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer." A conditional sentence "means the suspension of the imposition or execution of a sentence and the order of revocable release in the community subject to conditions established by the court without the supervision of a probation officer." The subdivision also provides that conditional sentences are allowed "whenever probation is authorized in any code as a sentencing option for infractions or misdemeanors." Because the statutory language specifically authorizes conditional sentences for misdemeanors, and not felonies, I agree that defendant received a misdemeanor sentence when the trial court, with no further statement of intent, granted summary, or unsupervised, probation.

I write separately to urge the Legislature to authorize conditional sentences for felonies. Some cases, often because of a defendant's criminal history, should remain felonies until the defendant successfully completes probation and petitions the court for relief. (See Pen. Code, § 1203.4.) In this era of dwindling resources, requiring a defendant to be supervised by a probation officer in order for a charge to remain a felony makes little sense. A sentencing court should have the flexibility to impress upon a defendant that a probation violation means a potential prison sentence without straining a financially strapped criminal justice system.


SUZUKAWA, J.


1