Filed 1/6/16  P. v. Watson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061781 |
| v. | (Super.Ct.No. FWV1300918) |
| AARON BRANDON WATSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Jon D. Ferguson, Judge.  Affirmed with directions.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Lise S. Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant Aaron Brandon Watson appeals after his plea of no contest to possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)—count 2), maintaining a place for the use of a controlled substance (Health & Saf. Code, § 11366—count 4), and admitting to having served two prior prison term convictions (Pen. Code, § 667.5, subd. (b)). Defendant contends (1) the abstract of judgment and relevant minute orders should be corrected to reflect that he was convicted of possession of a controlled substance, not possession of marijuana for sale; and (2) the matter must be remanded for resentencing as to count 2 under Proposition 47. In his reply brief, defendant requests this court grant him "a window of time" to file a petition for resentencing under Penal Code section 1170.18 "so that the status of his contested conviction can be resolved at a single proceeding." We will direct the trial court to issue an amended abstract of judgment and corrected minute orders. In all other respects, the judgment is affirmed.

FACTS AND PROCEDURAL BACKGROUND

Our statement of facts is taken from the probation report. On March 13, 2013, employees of a hotel where defendant was staying called sheriff's deputies after they smelled the odor of marijuana coming from defendant's room, and defendant refused to leave the premises. The deputies conducted a patdown search of defendant and found a glass pipe containing a white residue, which was suspected of being methamphetamine. In the room, they found 25.4 grams of marijuana and 0.4 grams of suspected methamphetamine, several empty plastic baggies, $900 cash, and a cell phone.

2

Defendant entered a plea of no contest to possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)—count 2), maintaining a place for the use of a controlled substance (Health & Saf. Code, § 11366—count 4), and admitted to having served two prior prison term convictions (Pen. Code, § 667.5, subd. (b)).[1] Additional charges of possession of marijuana for sale (Health & Saf. Code, § 11359— count 1) and possession of a smoking device (Health & Saf. Code, § 11364.1, subd. (a)— count 3) were dismissed. The trial court sentenced defendant to consecutive terms of three years in state prison for count 2, eight months for count 4, and two years for the prior prison term convictions.

DISCUSSION

**The Abstract of Judgment and Sentencing Minute Orders Must Be Corrected**

Defendant contends the abstract of judgment and sentencing minute orders memorializing the judgment should be corrected to reflect that he pled no contest to possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)—count 2), *not* possession of marijuana for sale (Health & Saf. Code, § 11359— count 1).

The People concede that the abstract of judgment and minute orders require correction as to defendant's plea to count 2. The People also contend that defendant's sentence should also be corrected to reflect the plea waiver form, which indicated defendant would receive a

---

[1] On December 2, 2014, we took judicial notice of the record in *People v. Watson* (Apr. 17, 2014, E059628).

3

term of three years in state prison for count 4, plus eight months for count 2, as well as two years for the prior prison term convictions.

*Correction of Record to Reflect Defendant's Plea to Count 2*

The June 19, 2013, reporter's transcript states that defendant entered a plea of no contest to possession of a controlled substance (count 2), and maintaining a place for the use of a controlled substance (count 4). The August 6, 2014, reporter's transcript for the *Vargas*[2] waiver hearing and the *Vickers*[3] hearing similarly reflect that defendant pled no contest to counts 2 and 4. However, the minute orders for those hearings and the abstract of judgment reflect that defendant's plea was to count 1 (possession of marijuana for sale—Health & Saf. Code, § 11359) and count 4 (maintaining a place for the use of a controlled substance— Health & Saf. Code, § 11366).

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) We will therefore order the minute orders and abstract of judgment to be corrected to reflect the oral judgment of the trial court. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

*Defendant's Sentence*

The trial court sentenced defendant to three years in state prison for count 2, plus eight months for count 4. However, the plea waiver form indicates that defendant's sentence

---

[2] *People v. Vargas* (1990) 223 Cal.App.3d 1107.

[3] *People v. Vickers* (1972) 8 Cal.3d 451.

4

would be three years for count 4, plus eight months for count 2. The People argue that the abstract of judgment and minute orders should be amended accordingly.

A plea waiver form reflects the intent to enter into a plea bargain under the conditions described in the form. (*People v. Jones* (1995) 37 Cal.App.4th 1312, 1316.) However, "[i]n a criminal case, it is the *oral pronouncement of sentence* that constitutes the judgment." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.) Here, the oral pronouncement of sentence shows that the trial court sentenced defendant to three years in state prison for count 2 and eight months for count 4. The People did not object to the sentence in the trial court, did not appeal from the judgment on the ground that it did not reflect the terms of the plea to which they agreed, and did not raise the issue in defendant's previous appeal in this matter, i.e., *People v. Watson*, *supra*, E059628. They have therefore waived any error. (See *People v. Carranza* (1996) 51 Cal.App.4th 528, 535.)

The People cite *People v. Barkley* (2008) 166 Cal.App.4th 1590 for the proposition that nothing in the record indicates that the trial court or the parties intended for defendant to receive a sentence other than that set forth in the plea form. That case is distinguishable. The issue in *Barkley* was whether the defendant's prior conviction had been sentenced as a misdemeanor rather than a felony and thus whether or not it qualified as a strike. (*Id.* at p. 1593.) The court held that the trial court in the prior case had either "entered a judgment imposing a misdemeanor jail sentence, or he suspended imposition of judgment and placed defendant on felony probation conditioned on defendant's service of a jail term." (*Id.* at p. 1595.) Although the court noted that there was no evidence that the sentencing judge had intended to impose a sentence inconsistent with the defendant's plea agreement, the court

5

relied on additional documentary evidence, including orders regarding firearms and blood and saliva samples that were consistent with a felony sentence but not a misdemeanor sentence. (*Ibid.*) In other words, when the record was ambiguous, the court relied on the plea agreement as one piece of evidence to resolve the inconsistency. Here, the record is unambiguous. The trial court stated on the record that it was sentencing defendant to three years in state prison for count 2 and eight months for count 4. The oral pronouncement of judgment prevails.

**Proposition 47**

Defendant contends the matter must be remanded for resentencing on count 2 under Proposition 47.

*Standard of Review*

When interpreting a voter initiative, "we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) We first look "'to the language of the statute, giving the words their ordinary meaning.'" (*Ibid.*) We construe the statutory language "in the context of the statute as a whole and the overall statutory scheme." (*Ibid.*) If the language is ambiguous, we look to "'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'" (*Ibid.*)

*Overview of Proposition 47 and Section 1170.18*

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory

6

provisions, section 1170.18.  Section 1170.18 creates a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing.  (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)  Specifically, section 1170.18, subdivision (a), provides:  "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] that added this section . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]."

A violation of Health and Safety Code section 11377 is an offense eligible for resentencing under Penal Code section 1170.18, subdivision (a).  However, to avail himself of that section, defendant must file a petition for recall of his sentence after the judgment is final.  (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 307-308.)  In his reply brief, defendant requests this court grant him "a window of time" to file a petition for resentencing under Penal Code section 1170.18 "so that the status of his contested conviction can be resolved at a single proceeding."  The correction of the abstract of judgment and minute orders involves a clerical task, not a "proceeding."  We therefore deny defendant's request without prejudice to his filing a petition for resentencing after the judgment becomes final.

7

DISPOSITION

The trial court is directed to issue a new abstract of judgment and similarly correct the minute orders for the hearings of June 19, 2013, August 26, 2013, and August 6, 2014, reflecting that defendant entered a plea of no contest to possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)—count 2), and maintaining a place for the use of a controlled substance (Health & Saf. Code, § 11366—count 4), as well as admitting to having served two prior prison term convictions (Pen. Code, § 667.5, subd. (b)).

The amended abstract of judgment and corrected minute orders should also reflect the trial court's oral pronouncement of judgment, i.e., that defendant was sentenced to consecutive terms of three years in state prison for count 2, eight months for count 4, and two years for the prior prison term convictions, for a total term of five years eight months in state prison.

The trial court is further directed to send copies of the amended abstract of judgment and corrected minute orders to the Department of Corrections and Rehabilitation.

In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                                              J.

We concur:

RAMIREZ
            P. J.

HOLLENHORST
            J.