Filed 10/29/13  P. v. Galaviz CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062990 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS255144) |
| MICHAEL GALAVIZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Francis M. Devaney, Judge.  Affirmed as modified and remanded with directions.

Vanderhoff Law Group and Jeanne C. Vanderhoff, under appointment by the Court of Appeal, for the Defendant and Appellant.

Kamala D. Harris, Attorney General, for the Plaintiff and Respondent.

The People charged Michael Galaviz with resisting an executive officer (Pen. Code,[1] § 69); battery upon an officer (§ 243, subd. (b)); resisting an officer (§ 148, subd. (a)(1)); and vandalism of property valued under $400 (§ 594, subd. (b)(1)). The People further alleged he had prior convictions under the "Three Strikes" Law.

Galaviz was self-represented at the start of trial court proceedings, but the court later appointed counsel for him because of its concern he was not mentally competent to represent himself. (*People v. Johnson* (2012) 53 Cal.4th 519.)

Galaviz pleaded guilty to resisting an executive officer and the People dismissed the remaining charges against him. Although the plea agreement stipulated that he would serve 365 days in jail, the court sentenced him as follows: "Imposition of sentence is suspended for three years. I am going to place you on probation for three years on the following conditions. I am going to sentence you to 389 days in the custody of the county sheriff. I'll give you credit . . . for a total of 389 days against the 389-day commitment." Galaviz was then released from custody. He did not object to a probation condition that his probation officer approve his residence and employment.

Appointed counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal but asks us to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to possible but not arguable issues of whether (1) the court abused its discretion by revoking Galaviz's right to represent himself; (2) the court

---

[1] All statutory references are to the Penal Code.

2

erred by requiring the probation officer to approve Galaviz's residence and employment; (3) his attorney in the trial court provided prejudicially ineffective assistance by failing to object to the probation condition regarding Galaviz's residence and employment; and (4) at sentencing, the court erroneously treated section 69 as a felony by sentencing him to a 389-day jail term despite the bargained for misdemeanor sentence of 365 days in jail.

We granted Galaviz permission to file a brief on his own behalf. He has not responded. Having reviewed the entire record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, including the possible issues referred to by appellate counsel, we conclude the trial court erroneously sentenced Galaviz to 389 days instead of the bargained for 365 days.

Galaviz pleaded guilty to an offense, misdemeanor resisting an executive officer, that is classified as a wobbler because it is punishable either as a felony or a misdemeanor. (§§ 69, 17, subd. (b).) Because a negotiated plea agreement is a form of contract, it is interpreted according to general contract principles. Acceptance of the agreement binds the court and the parties to the agreement. (*People v. Segura* (2008) 44 Cal.4th 921, 930.) In *People v. Barkeley* (2008) 166 Cal.App.4th 1590, the court faced an ambiguity in the trial record, but concluded on the facts of that case that "[t]here was no evidence that [the trial court] intended to impose a sentence that was inconsistent with defendant's plea agreement." (*Id.* at p. 1595.)

*People v. Glee* (2000) 82 Cal.App.4th 99, 106 is analogous. There, an ambiguity existed because the trial court had stated it was placing the defendant on "felony

3

probation" for one year, but nevertheless specified that the probation was "summary probation." (*Id*. at pp. 105-106.) The appellate court concluded the imposition of a one-year sentence in county jail followed by one year of summary probation indicated the trial court intended to impose a misdemeanor sentence. (*Glee*, at pp. 102, 104-105.)

Here, the trial court approved the plea agreement in which the parties stipulated Galaviz's sentence would be 365 days in jail. At sentencing, the court said it would follow the probation officer's report. That report did not state a recommended sentence, noting instead that under the plea agreement, Galaviz would serve a 365-day jail term. The court's felony sentence of 389 days in jail contradicts the bargained for misdemeanor sentence. Accordingly, we conclude Galaviz should receive the benefit of his bargain, and the sentence modified.

4

DISPOSITION

We modify the judgment on the Penal Code section 69 conviction to a 365-day jail term.  As so modified the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment reflecting the modification and forward a certified copy of the abstract to the Department of Corrections and Rehabilitation.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.

5