Filed 2/18/16  P. v. Ehrman CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HEATHER LEE EHRMAN,<br><br>    Defendant and Appellant. | H042008<br>(Monterey County<br> Super. Ct. No. SS142999A) |

## I.    INTRODUCTION

Defendant Heather Lee Ehrman committed a forgery offense prior to the enactment of Proposition 47, which reclassified certain felony drug and theft related offenses as misdemeanors, including forgery relating to a check with a value of $950 or less.  (Pen. Code, §§ 470, subd. (d), 473, subd. (b).)[1]  After the effective date of Proposition 47, defendant was charged with felony forgery related to a $190 check. (§ 470, subd. (d).)  Defendant moved to have the trial court designate the charge as a misdemeanor pursuant to Proposition 47, but the trial court denied her motion. Defendant subsequently pleaded no contest to felony forgery.  The trial court imposed a felony sentence, then granted defendant's petition to recall her sentence (§ 1170.18,

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

subd. (a)), reclassified her forgery offense as a misdemeanor, suspended imposition of sentence, and placed defendant on informal probation for three years.

On appeal, defendant contends that her forgery offense became a misdemeanor upon the effective date of Proposition 47, and thus that the trial court erred by initially imposing a felony sentence. In the alternative, defendant contends that if the trial court correctly imposed an initial felony sentence, it erred by placing her on informal (misdemeanor) probation after recalling that sentence.

For reasons that we will explain, we conclude that the issue of Proposition 47's retroactivity is moot in this case, and that the trial court did not err by placing defendant on informal probation after recalling her initial felony sentence. We will therefore affirm the order placing defendant on informal probation.

## II. BACKGROUND

On November 4, 2014, voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014), effective Nov. 5, 2014.) Proposition 47 reclassified certain felony drug and theft related offenses as misdemeanors, including forgery related to a check with a value of $950 or less. (§§ 470, subd. (d), 473, subd. (b).) Through Proposition 47, voters also enacted new statutory provisions whereby a person serving a felony sentence for a reclassified offense can petition for a recall of his or her sentence. (§ 1170.18, subd. (a).)

On December 1, 2014, the District Attorney filed a complaint charging defendant with felony forgery related to a check (§ 470, subd. (d); count 1) and misdemeanor petty theft (§ 484a, subd. (a); count 2). The complaint alleged that both offenses had occurred on July 31, 2014, several months prior to the enactment of Proposition 47. The charges

2

were based on defendant's use of a forged $190 check to purchase a cell phone.[2] Prior to the instant offenses, defendant's criminal history consisted of convictions of misdemeanor battery (§ 242), misdemeanor receiving stolen property (§ 496, subd. (a)), felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and misdemeanor driving without a license (Veh. Code, § 12500, subd. (a)).

On January 21, 2015, defendant filed a motion requesting the court designate the forgery count "as a misdemeanor for all purposes pursuant to Proposition 47." Defendant argued that Proposition 47 applied retroactively to her since her case was not yet final. Defendant also argued that under the equal protection clauses of the state and federal constitutions, her offense should be "given Proposition 47 treatment."

The trial court denied defendant's motion to designate her offense as a misdemeanor. The trial court indicated that its "understanding of the law" was that Proposition 47 did not apply to defendant's offense because it was committed before Proposition 47 went into effect.

Defendant's trial counsel then explained that there would be a negotiated disposition: defendant would plead no contest to the forgery count, and the petty theft count would be dismissed. Defendant's trial counsel indicated he anticipated filing a petition to recall the felony sentence right after defendant was sentenced. Defendant then pleaded no contest to "Count 1, felony violation of Penal Code section 470(d), forgery."

Defendant's sentencing hearing was held on February 20, 2015. Defendant argued that it would be "an illegal sentence, to impose sentence on a felony, if, in fact, Prop. 47 is retroactive." The trial court initially imposed a felony sentence: a two-year jail term, with a $300 restitution fine (§ 1202.4, subd. (b)(1)).

---

[2] The check was from a Wells Fargo Bank account and indicated that the account holders were Rusty MacMillan and Mary Ellen King. Defendant signed the check as Mary Ellen King.

In open court immediately after the trial court imposed the felony sentence, defendant filed a petition to recall her sentence. (See § 1170.18, subd. (a).) The prosecutor indicated he had no objection to the petition, and the trial court granted it. The trial court designated defendant's forgery conviction as a misdemeanor, recalled the felony sentence, suspended imposition of sentence, and placed defendant on informal probation for three years. The trial court imposed the same $300 restitution fine that it had previously imposed. The trial court dismissed the petty theft count.

Defendant thereafter filed a notice of appeal, indicating her appeal was based on the sentence or other matters occurring after the plea that do not affect the validity of the plea.

### III. DISCUSSION

Defendant contends that her forgery offense became a misdemeanor upon the effective date of Proposition 47. Thus, defendant contends, the trial court erred by refusing to designate her offense as a misdemeanor prior to sentencing and by initially imposing a felony sentence. In the alternative, defendant contends that if the trial court correctly imposed an initial felony sentence, it erred by placing her on informal (misdemeanor) probation after recalling that sentence.

#### A. *Legal Background: Proposition 47*

As noted above, Proposition 47 was a voter initiative that was enacted on November 4, 2014 and became effective the following day, November 5, 2014.

In section 2 of the initiative, the electorate declared that it was enacting Proposition 47 "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K–12 schools, victim services, and mental health and drug treatment." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2.)

4

Section 3 of the initiative specified six items that comprised the "purpose and intent of the people of the State of California" in enacting Proposition 47: "(1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act. [¶] (2) Create the Safe Neighborhoods and Schools Fund. . . . [¶] (3) Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes. [¶] (4) Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors. [¶] (5) Require a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety. [¶] (6) This measure will save significant state corrections dollars on an annual basis. . . . This measure will increase investments in programs that reduce crime and improve public safety, . . . which will reduce future expenditures for corrections." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3.)

The statutes amended by Proposition 47 include section 473, which specifies the punishment for forgery. Section 473 now provides in subdivision (b) that "any person who is guilty of forgery relating to a check, . . . where the value of the check . . . does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year," unless the defendant has certain disqualifying prior convictions or if he or she is "convicted both of forgery and of identity theft . . . ."

Proposition 47 also created a new statutory remedy for "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor" had Proposition 47 been in effect at the time of the offense. (§ 1170.18, subd. (a).) Such a person "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing" in accordance with the statutes that were "amended or added by this act." (*Ibid.*) If, "[u]pon receiving a petition under subdivision (a)," the trial court

5

finds that the petitioner is eligible for resentencing, "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . , unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety" (§ 1170.18, subd. (b)), which is defined in section 1170.18, subdivision (c) as "an unreasonable risk that the petitioner will commit" one of the "super strike" offenses listed in section 667, subdivision (e)(2)(C)(iv).[3] (See *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.) "In exercising its discretion, the court may consider all of the following: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes. [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated. [¶] (3) Any other evidence the court, within its discretion, determines to be relevant . . . ." (§ 1170.18, subd. (b).)

### B. Prejudice/Mootness

We first determine whether a reversal of the orders in this case would have any practical effect. " 'An action that involves only abstract or academic questions of law

---

[3] The following felonies are listed in section 667, subdivision (e)(2)(C)(iv): "(I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. [¶] (II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289. [¶] (III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288. [¶] (IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive. [¶] (V) Solicitation to commit murder as defined in Section 653f. [¶] (VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245. [¶] (VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418. [¶] (VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death."

6

cannot be maintained. [Citation.] And an action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' [Citation.]" (*People v. Herrera* (2006) 136 Cal.App.4th 1191, 1198 (*Herrera*).)

The Attorney General contends that even if Proposition 47 required defendant's offense to be designated as a misdemeanor prior to sentencing, defendant was not prejudiced by the imposition of an initial felony sentence, because after the trial court granted her recall petition, defendant received the exact misdemeanor sentence she would have received if the trial court had simply imposed a misdemeanor sentence in the first instance.

Defendant asserts that she "suffered felony consequences" from the initial felony sentence: the potential use of her conviction as a "prior felony conviction" to enhance her punishment in a future case, and the imposition of "felony restitution fines."

### 1. Prior Felony Conviction

Under subdivision (k) of section 1170.18, "Any felony conviction that is recalled and resentenced under subdivision (b) . . . shall be considered *a misdemeanor for all purposes,* except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." (Italics added.)

In *People v. Park* (2013) 56 Cal.4th 782 (*Park*), the California Supreme Court interpreted an identical phrase to that italicized above, contained in section 17, subdivision (b).[4] The *Park* court found that the language " 'a misdemeanor for all

---

[4] Section 17, subdivision (b)(3) governs the procedure for reducing felony "wobbler" offenses to misdemeanors. It provides: "When a crime is punishable, in the (continued)

purposes' " precluded imposition of a section 667, subdivision (a) sentencing enhancement based on a prior "wobbler" conviction that had been reduced to a misdemeanor. (*Park, supra,* at pp. 793, 798-799.) The Supreme Court held that the reduction of the wobbler to a misdemeanor pursuant to section 17, subdivision (b)(3) meant there was no prior serious felony within the meaning of section 667, subdivision (a). (*Park, supra,* at p. 787.) The court explained, "It is evident from the statutory language that a wobbler becomes a 'misdemeanor for all purposes' under section 17(b)(3) only when the court takes affirmative steps to classify the crime as a misdemeanor. When the court properly has exercised its discretion to reduce a wobbler to a misdemeanor under the procedures set forth in section 17(b), the statute generally has been construed in accordance with its plain language to mean that the offense is a misdemeanor 'for all purposes.' " (*Id.* at p. 793.) The *Park* court found that nothing in the language or history of section 667, subdivision (a) signaled an intent to override that general rule. (*Park, supra,* at p. 799.)

Similarly, here, since defendant's conviction for forgery is now a misdemeanor "for all purposes" (§ 1170.18, subd. (k)), there is no prior felony conviction that could be used to enhance defendant's punishment in future cases.

Subdivision (k) of section 1170.18 does provide for *other* consequences of defendant's initial felony sentence: "Any felony conviction that is recalled and resentenced under subdivision (b) . . . shall be considered a misdemeanor for all purposes*,* except that such resentencing shall not permit that person to own, possess, or have in his

---

discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is *a misdemeanor for all purposes* under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (Italics added.)

or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." However, prior to the instant case, defendant suffered a felony conviction for possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).) Thus, even before her conviction in this case, defendant had a felony conviction that precluded her from possessing a firearm. (See § 29800, subd. (a)(1).)

### 2. Felony Restitution Fine

When the trial court imposed the initial felony sentence for defendant's forgery conviction, it imposed a $300 restitution fine pursuant to section 1202.4, subdivision (b). After recalling defendant's felony sentence, designating her forgery offense as a misdemeanor, and placing defendant on informal probation, the trial court also imposed a $300 restitution fine.

Under section 1202.4, subdivision (b)(1), the minimum restitution fine for a felony conviction is $300 and the minimum restitution fine for a misdemeanor conviction is $150. Defendant's prejudice argument is based on the assumption that, if the trial court had not imposed an initial felony sentence, it would have imposed the minimum restitution fine of $150 for a misdemeanor. The Attorney General points out that the $300 restitution fine was well within the trial court's discretion in a misdemeanor case, since the maximum restitution fine is $1,000 for misdemeanors. (See § 1202.4, subd. (b)(1).)

On this record, given that the trial court did not expressly state an intent to order the minimum restitution fine under section 1202.4, subdivision (b), defendant has not shown that imposition of the $300 fine for her misdemeanor conviction was a result of the trial court's imposition of an initial felony sentence.

9

### 3. Conclusion – Prejudice/Mootness

Defendant has not shown that as to her, resolution of the issue presented would have any "practical effect." (*Herrera, supra,* 136 Cal.App.4th at p. 1198.) Thus, we need not reach the merits of defendant's claim regarding Proposition 47's retroactivity.

### C. *Probation Order*

Defendant contends that if the trial court correctly imposed an initial felony sentence, it erred by placing her on informal (misdemeanor) probation after recalling that sentence.[5] Defendant contends the order of informal probation was an unauthorized sentence because the only sentencing options after the granting of a section 1170.18 recall petition are (1) one year of parole or (2) no supervision.

Defendant relies on section 1170.18, subdivision (d), which provides in pertinent part: "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole."

The Attorney General contends that section 1170.18, subdivision (d) does not limit the trial court, upon granting a recall petition, to imposition of a one-year parole term or no supervision. Rather, the Attorney General argues, section 1170.18, subdivision (d) requires a one-year parole term following the completion of the new misdemeanor sentence. The Attorney General also points out that defendant requested she be placed on informal probation.

In interpreting section 1170.18, subdivision (d), we apply settled rules of statutory interpretation, which are applicable to voter initiatives like Proposition 47. "We first consider the initiative's language, giving the words their ordinary meaning and

---

[5] A grant of informal probation is a " 'conditional sentence,' " which is authorized only in a misdemeanor case. (See *People v. Glee* (2000) 82 Cal.App.4th 99, 104.)

10

construing this language in the context of the statute and initiative as a whole.  If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language.  If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure.  [Citation.]"  (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.)

Defendant's construction of section 1170.18, subdivision (d) does not comport with its plain language.  The statute does not state that upon resentencing, a petitioner is to be immediately placed on parole.  Rather, section 1170.18, subdivision (d) provides that a "resentenced" person "shall be subject to parole for one year *following completion of his or her sentence*" (italics added), meaning that the parole requirement applies after completion of the new *misdemeanor* sentence to which the court has resentenced the person.  Defendant's construction of the statute would mean that the trial court would never be able to impose a misdemeanor sentence upon granting a resentencing petition.  The statute plainly contemplates that upon recalling a felony sentence, the trial court is to impose a new misdemeanor sentence, which is to be followed by a one-year parole term unless that requirement is waived.  (See § 1170.18, subd. (b), italics added [upon granting a petition, "the petitioner's felony sentence shall be recalled and the petitioner *resentenced to a misdemeanor*"].)

We conclude the trial court did not impose an unauthorized sentence by placing defendant on informal (misdemeanor) probation after granting defendant's recall petition.

## IV.  DISPOSITION

The order placing defendant on informal probation is affirmed.

11

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____
ELIA, ACTING P.J.



_____
MIHARA, J.




*People v. Ehrman*
**H042008**