Filed 7/6/16  P. v. Quezada CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>ANTHONY QUEZADA,<br><br>      Defendant and Appellant. | H041174<br>(Santa Clara County<br>Super. Ct. No. C1115723) |

Defendant Anthony Quezada appeals following his conviction for second degree robbery (Pen. Code §§ 211-212.5, subd. (c)).[1]  On appeal, defendant asserts that his prior 1987 assault with a deadly weapon conviction (§ 245, subd. (a)(1)) cannot be considered a prior strike or a prior serious felony for the purpose of this case, because the court's imposition of informal probation in that case operated to convert the crime to a misdemeanor (§§ 1170.12; 667(a)-(b)).[2]

---

[1]  All further statutory references are to the Penal Code.

[2]  Defendant argued in his opening brief that his 2001 prior conviction for assault with force likely to cause great bodily injury (§ 245, subd. (a)(1)) could not be used to enhance his sentence as a prior prison term under section 667.5, subdivision (b), because the subsequent 2008 conviction for grand theft was reduced to a misdemeanor pursuant to section 17.  Therefore, according to defendant, the two requirements for a prison prior that there be a conviction for a felony and a subsequent felony are not present in this case.

The attorney general argued that despite the fact that the 2008 conviction was reduced to a misdemeanor, defendant did not remain free from custody for a five-year

## STATEMENT OF THE CASE[3]

In January 2012, defendant was charged by information with second degree robbery (§§ 211-212.5, subd. (c).) The information also alleged that defendant personally used a deadly or dangerous weapon during the commission of the robbery. (§ 12022, subd. (b)(1).) In addition, the information alleged that defendant had suffered two prior strike convictions, (§§ 667, subds. (b)-(i), 1170.12). One of the alleged strikes was a prior juvenile adjudication for murder (§ 187), and the other was a 1987 conviction for assault with a deadly weapon (§ 245, subd. (a)(1)). The information also alleged that the prior 1987 conviction for assault qualified as a serious felony under section 667, subdivision (a). Finally, the information alleged that defendant had served a prior prison term for a conviction of assault with force likely to cause great bodily injury. (§ 667.5, subd. b).)

The case proceeded to jury trial in March 2014. Defendant was found guilty as charged. After a bench trial, the court found sufficient evidence that appellant had suffered three prior convictions, but found insufficient evidence of an alleged juvenile adjudication. The court denied defendant's *Romero*[4] motion, and sentenced defendant to a total of 17 years in state prison. Defendant filed a timely notice of appeal in June 2014.

## DISCUSSION

Defendant asserts on appeal that the imposition of informal probation on his 1987 conviction for assault with a deadly weapon automatically converted the offense to a

---

period following his 2008 conviction and as a result, he was still subject to the prison prior enhancement under section 667.5, subdivision (b). In his reply brief, defendant concedes this point, effectively withdrawing the issue on appeal.

[3] The underlying facts of this case are omitted because they are not relevant to the issues on appeal.

[4] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

2

misdemeanor. As a result, the conviction could not be used to enhance his sentence in the present case.

Section 17 sets forth the circumstances when a crime is considered a felony or a misdemeanor, and provides, in relevant part: "(b) When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison. . . . [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

"[W]here the offense is alternatively a felony or misdemeanor (depending upon the sentence), and the court suspends the pronouncement of judgment or imposition of sentence and grants probation, the offense is regarded a felony for all purposes until judgment or sentence." (*People v. Esparza* (1967) 253 Cal.App.2d 362, 364-365.) When a defendant is ordered to serve jail time as a condition of probation, and the court suspends imposition of sentence, the jail term does not automatically convert a felony into a misdemeanor. (*People v. Glee* (2000) 82 Cal.App.4th 99, 103-105 (*Glee*).)

A grant of informal or summary probation is a "conditional sentence," which is only authorized in misdemeanor cases. (§§ 1203, subd. (a) ["It is the intent of the Legislature that both conditional sentence and probation are authorized whenever probation is authorized in any code as a sentencing option for infractions or misdemeanors."]; *id.*, subd. (d) ["If a person is convicted of a misdemeanor, the court may either refer the matter to the probation officer for an investigation and a report or summarily pronounce a conditional sentence."]; 1203b ["All courts shall have power to suspend the imposition or execution of a sentence and grant a conditional sentence in

3

misdemeanor and infraction cases without referring such cases to the probation officer."].)  (See also *Glee, supra*, 82 Cal.App.4th 99, 104.)

Defendant relies on *Glee*, for the argument that his 1987 conviction for assault with a deadly weapon automatically converted to a misdemeanor because the court sentenced him to informal probation.  In *Glee*, the defendant argued that his prior conviction for assault with a firearm was not a strike, because he pleaded guilty to the assault count in exchange for "the promise that his sentence would be 'a grant of probation, with a year in the county jail, with probation to terminate at the end of that year.' "  The promised sentence was imposed, and the defendant needed to serve only 36 days in custody after sentencing before the termination of his probation, due to his accumulated credits.  (*Glee, supra*, 82 Cal.App.4th at pp. 101, 104-105.)  The defendant was not informed when he entered his plea that a violation of his probation could result in the imposition of a state prison term.  (*Id*. at pp. 104-105.)

The *Glee* court concluded that the sentencing court's imposition of a sentence for the assault offense of one year in county jail and one year of summary probation to terminate at the end of the jail term was a "misdemeanor sentence" that "automatically converted" the assault offense to a misdemeanor.  (*Glee, supra*, 82 Cal.App.4th at pp. 102, 104-105.)  It distinguished cases where imposition of sentence had been suspended, "the defendant was ordered to serve jail time as a condition of probation and some portion of the probationary period remained after the defendant's release from jail." (*Id.* at p. 103.)  The *Glee* court focused on whether the sentencing courts in those cases intended to impose felony sentences.

In the *Glee* court's view, the defendant had been sentenced by a court that intended to impose a misdemeanor sentence.  The *Glee* court found that "[t]his record supports the inference that the sentencing court did not intend to retain jurisdiction over

4

appellant with the possibility of later imposing a prison sentence." (*Glee, supra*, 82 Cal.App.4th at p. 105.)

The rationale of *Glee* is applicable to the present case. Here, the trial court imposed a term of 180 days in county jail, with 180 days of credit for time served. The court also ordered informal probation for a period of one year. The court's sentence of informal probation demonstrated its intent that the crime be sentenced as a misdemeanor rather than a felony. There is no evidence in the record that defendant was informed when he entered his plea that a violation of his probation could result in the imposition of a state prison term. (See *Glee*, *supra*, 82 Cal.App.4th at at pp. 104-105.)

Defendant also relies on *People v. Willis* (2103) 222 Cal.App.4th 141 (*Willis*), to support his argument that his 1987 conviction was converted to a misdemeanor. The defendant in *Willis* pleaded guilty to possession of a controlled substance, which could be classified as either a felony or a misdemeanor. (*Id.* at pp. 143-144.) The *Willis* court relied on *Glee* and found that the lack of evidence that the court had the intent "to classify the offense as a felony, apart from standard minute orders designating the charge as a felony" supported the defendant's argument that the trial court's grant of summary probation had classified the offense as a misdemeanor. (*Id*. at pp. 144-145.)

Like *Willis*, here, the court's actions of ordering informal probation and imposing a jail sentence of 180 days operated to convert the offense to a misdemeanor. While the minute order in this case contains the reference to holding a hearing at a later date to see if defendant "stayed out of trouble," at which point the court would reduce his crime to a misdemeanor, this does not overcome the legal significance of the court's imposition of informal probation at the time of sentencing.

The People have the burden of proving the truth of the prior conviction. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1065). In this case, there is no transcript of the actual sentencing by the court to show that the court intended that the crime be classified as a

5

felony, because the transcript has been destroyed. With this record, the People cannot establish that the court intended to impose a felony sentence for defendant's 1987 prior conviction. Although it appears from the minute order that the court made reference to defendant staying out of trouble, the court did not inform defendant that he faced a prison term if he did not do so. "[I]f the prior conviction was for an offense that can be committed in multiple ways, and the record of conviction does not disclose how the offense was committed, a court must presume that the conviction was for the least serious form of the offense." (*Id*. at p. 1066.) Here, the 1987 conviction can be sentenced in more than one way-as a misdemeanor or as a felony. Following the reasoning of *Delgado*, since the record does not demonstrate that the court intended to impose a felony sentence for the 1987 conviction, the presumption should be that that the court intended to impose a less serious misdemeanor sentence.

We find that defendant's 1987 conviction became a misdemeanor at the time of sentencing, and as such, was erroneously used as a prior strike to enhance defendant's sentence in the present case.

**DISPOSITION**

The judgment is reversed. The matter is remanded for the limited purpose of resentencing defendant without use of the 1987 prior conviction of assault with a deadly weapon as a prior strike.

6

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

MÁRQUEZ, J.

*People v. Quezada*
**H041174**