Filed 7/17/24  P. v. Carroll CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SARAH MARIE CARROLL,<br><br>        Defendant and Appellant. | A169238<br><br>(Humboldt County<br>Super. Ct. No. CR2001060B) |

Sarah Marie Carroll pled guilty to two misdemeanor violations of the Health and Safety Code.[1]  The trial court suspended imposition of sentence and placed her on probation.

On appeal, Carroll seeks to raise claims challenging a condition of probation and the court's imposition of court operations and facilities assessments.  We reverse the court's imposition of the assessments and remand.  In all other respects, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Carroll was charged with one count of felony maintaining a place for selling or using controlled substances (§ 11366); two counts of felony possession for sale of controlled substances (§§ 11351 & 11375, subd. (b)(1));

---

[1]      All further undesignated statutory references are to the Health and Safety Code.

1

misdemeanor possession of a controlled substance (§ 11377, subd. (a)); and misdemeanor possession of a controlled substance without a prescription (Bus. & Prof. Code, § 4060).

On September 1, 2023, and as negotiated with the prosecution, Carroll pled guilty to a reduced count of misdemeanor maintaining a place for selling or using controlled substances (§ 11366—originally charged as a felony) and one count of misdemeanor possession of a controlled substance (§ 11377, subd. (a)). The prosecution described these as "open pleas," and told the trial court the parties agreed there "would be informal probation with a term to be contemplated" and "some form of drug treatment or substance abuse treatment in-patient or out-patient." The prosecution moved to dismiss the remaining charges—including two other felonies—"based on [her] plea."

At the September 8, 2023 sentencing hearing, the prosecution reiterated Carroll had entered "open" guilty pleas and urged the court to impose a 240-day jail sentence. The court suspended imposition of sentence and placed Carroll on one year of informal probation. It ordered as a condition of probation that Carroll suggest a drug treatment program (either in-patient or out-patient) not to exceed one year, which program was subject to approval by the probation department—counsel for parties indicated agreement. It was clarified that while the probation department would approve the program selected by Carroll, probation would not be supervising Carroll; rather, it would be court-supervised probation.

As to fines and fees, Carroll argued she did not have the ability to pay. The court accepted Carroll's representation that she could not pay the restitution fine and deferred payment of that fine. However, it imposed a $30 court facilities assessment (Gov. Code, § 70373) and $40 court operations assessment (Pen. Code, § 1465.8) on each count based on its stated belief that

2

those fees were mandatory and could not be reduced by the court. It also imposed, but stayed, a parole revocation fine.

Carroll filed her notice of appeal on November 7, 2023, checking two boxes on the Judicial Council form: "This appeal challenges the validity of the plea or admission"; and "Other basis for this appeal," under which she typed "Ineffective Assistance of Counsel." The trial court denied Carroll's request for a certificate of probable cause, sought on the bases that (1) her case should have been dismissed at the preliminary hearing for lack of probable cause, and (2) trial counsel was ineffective for failing to join in her codefendant's motion to dismiss the charges.

## DISCUSSION

Carroll raises two issues on appeal: (1) whether the drug treatment probation condition is unconstitutional; and (2) whether the trial court erred in concluding it did not have the authority to consider her ability to pay when imposing the court operations and facilities assessments.[2]

Penal Code section 1237.5 provides that no appeal from a guilty or no contest plea may be taken without a certificate of probable cause for an appeal based on reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. (Pen. Code, § 1237.5.) If the trial court denies a request for a certificate of probable cause, "the appeal will be limited to issues that do not require a certificate of probable cause."[3] (Cal.

---

[2] Carroll's notice of appeal sought to raise a claim of ineffective assistance of counsel. She does not raise that claim in her brief and we therefore do not consider it. (See *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

[3] We readily discard the Attorney General's request that we dismiss the appeal on the basis that Carroll's notice of appeal is "procedurally deficient" because it did not signal her intent to raise sentencing claims. The Attorney General contends Carroll may not raise any sentencing claims on appeal

3

Rules of Court, rule 8.304(b)(3).)  Such issues include "[t]he sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission."  (*Id.*, rule 8.304(b)(2)(B); see *People v. Stamps* (2020) 9 Cal.5th 685, 694 (*Stamps*).)  But " '[e]ven when a defendant purports to challenge only the sentence imposed, a certificate . . . is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement,' " as such a claim is, " '*in substance*[,] a challenge to the validity of the plea.' "  (*Stamps*, at p. 694.)

## I. The Drug Treatment Probation Condition is Constitutional

Carroll contends the drug treatment probation condition amounts to a violation of the separation of powers doctrine as it improperly delegates to the probation department the authority to define and order the type of drug treatment.[4]  This challenge is barred as it was an agreed part of her pleading guilty—it " 'goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement.' "  (*Stamps*, *supra*, 9 Cal.5th at p. 694.)  Since it was "part and parcel" of the agreement, she cannot raise the

---

because she did not check the box on the notice of appeal stating: " 'This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea.' "  This argument is based on an outdated version of Rule 8.304(b) (amended effective January 2022) that stated, in pertinent part, that in an appeal after a guilty plea, "[t]he defendant need not comply with [the requirement for a certificate of probable cause] *if the notice of appeal states* that the appeal is based on . . . [g]rounds that arose after entry of the plea and do not affect the plea's validity." (Former Cal. Rules of Court, rule 8.304(b)(4)(B), italics added.)

[4]      Carroll also states that the condition is "inherently vague, overbroad and ambiguous" as it fails to specify the " 'approval' mechanism," but she does not provide any legal arguments or cite any authority in support of this claim.  We treat the claim is forfeited as we need not examine undeveloped claims or those without argument and citations to authority.  (*Allen v. City of Sacramento*, *supra*, 234 Cal.App.4th at p. 52.)

4

challenge on appeal without a certificate of probable cause. (*People v. Panizzon* (1996) 13 Cal.4th 68, 78.) [5]

We acknowledge the record contains some ambiguity as to whether Carroll pled open. The prosecution stated it was an "open" plea at the plea hearing and, at sentencing, recommended a jail sentence and reiterated "they are open pleas," apparently as an explanation for why it made that recommendation. The court, too, noted it first had to decide whether to grant probation and suspend imposition of sentence before imposing any drug treatment program condition.

However, even if Carroll pled open, thereby obviating the need for a certificate of probable cause and allowing us to review the merits of Carroll's constitutional challenge de novo (see *People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*)), we would find no error.

The trial court announced the drug treatment condition as follows: "Carroll is to suggest within thirty days a program into which she will enroll and the program must be approved by the probation department. And that can be in a residential or non-residential program of any sort. I'm not prescribing any specific type of program, but it's a program dealing with substance abuse and she can submit her own suggestion and it must be

---

[5] The prosecution's reference before the trial court to "open pleas" is belied by a record which reflects that they were not "truly" open. (See *People v. Cuevas* (2008) 44 Cal.4th 374, 381, fn. 4 ["An open plea is one under which the defendant is not offered any promises."]; *People v. Cole* (2001) 88 Cal.App.4th 850, 857–858 [plea was "negotiated disposition" with terms discernible from the record despite prosecution's references to "open" plea].) Carroll received a significant reduction in her sentencing exposure in exchange for her plea by avoiding felony charges and was also promised informal probation with a drug treatment condition. (See *Cuevas*, at p. 381, fn. 4.)

approved by the probation department and that must be done [within] thirty days." The written condition largely tracks the oral pronouncement.

"Under the separation of powers doctrine (Cal. Const., art. III, § 3), judicial powers may not be delegated to nonjudicial officers. [Citation.] While the probation officer may properly specify the details necessary to effectuate the court's probation conditions, it is the court's duty to determine the nature of the requirements imposed on the probationer." (*Smith*, *supra*, 79 Cal.App.5th at p. 902.) In construing probation conditions, we consider their context and use common sense. (*Ibid.*)

Relying on *Smith*, *supra*, Carroll contends the condition improperly delegates to the probation department the discretion to determine the kind of treatment program, specifically, "residential versus out-patient." In *Smith*, our colleagues concluded the challenged probation condition—which required Smith to " 'participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer' "—improperly authorized *the probation officer* to decide whether Smith must attend a residential program. (*Smith*, *supra*, 79 Cal.App.5th at pp. 902-903.)

Here, by contrast, the court directed *Carroll herself*, not probation, to decide whether she wanted to enter residential or outpatient drug treatment. It was therefore not "entrusting the decision whether to mandate residential treatment to the probation officer" (cf. *Smith*, *supra*, 79 Cal.App.5th at p. 903), but rather entrusting that decision to *Carroll herself*. Probation merely had a ministerial role in approving whatever choice Carroll made— whether residential or outpatient—not a role in "direct[ing]" Carroll as to which type of program to enter. (Cf. *id.* at p. 902.)

Further, as discussed at sentencing, the court, not the probation department, is charged with supervising Carroll's informal probation because

she pled guilty only to misdemeanor charges. (*People v. Glee* (2000) 82 Cal.App.4th 99, 104 ["informal" or "summary" probation is a " 'conditional sentence' " authorized only in misdemeanor cases]; see Pen. Code § 1203, subd. (a) [" 'conditional sentence' " means suspension of imposition of sentence and release "subject to conditions established by the court without the supervision of a probation officer"].) Hence, if there were a dispute over probation's approval of Carroll's chosen program—which she does not allege—the court is the ultimate authority on the issue as the probation department has no supervisory authority over her informal probation. (See Pen. Code § 1203, subd. (a).) Accordingly, we would find Carroll's claim unavailing even if we were to conclude she did not require a certificate of probable cause to raise it.

## II. The Trial Court Erred by Failing to Consider Carroll's Ability to Pay the Court Operations and Facilities Assessments

Carroll contends the trial court erred by finding it was required to impose the court operations and facilities assessments regardless of her ability to pay.[6] We agree.

As the trial court announced its intent to impose a $150 restitution fine, a $40 court operations assessment on each count, and a $30 court facilities assessment on each count, defense counsel stated Carroll had no ability to pay fines or fees. The court responded: "I believe those are mandatory fees. I'm not – that's my impression. I think the $150 restitution fine can be reduced . . . but the $40 and the $30 fees will remain. The $150 restitution fine – I'm going to accept the representation on her indigence and

---

[6]     This claim is properly raised on appeal without a certificate of probable cause as it concerns a sentencing claim unrelated to the negotiated terms of the plea agreement. (See, e.g., *People v. Buttram* (2003) 30 Cal.4th 773, 783.)

inability to pay that, so I'm going to defer the payment of that fine, as I believe I have the authority to do."

By statute, a $40 court operations assessment and $30 court facilities assessment "shall be imposed on every conviction for a criminal offense." (Pen. Code, § 1465.8; Gov. Code, § 70373.) Although the pertinent statutes are silent on the issue of ability to pay, we agree with our colleagues' conclusion that the assessments "must be treated as 'fines' for purposes of the excessive fines prohibitions in the federal and state Constitutions." (*People v. Cowan* (2020) 47 Cal.App.5th 32, 37, 45, 48, review granted June 17, 2020, S261952 (*Cowan*).) And, "[b]ecause ability to pay is an element of the excessive fines calculus[,] . . . a sentencing court may not impose court operations or facilities assessments . . . without giving the defendant, on request, an opportunity to present evidence and argument why such monetary exactions exceed his ability to pay." (*Id.* at p. 48.)

Here, the trial court recognized its authority to consider Carroll's ability to pay the restitution fine but incorrectly believed that authority did not extend to the court operations and facilities assessments. (See *Cowan, supra*, 47 Cal.App.5th at p. 48.) While the court did not have to accept Carroll's *representation* that she was indigent, it was required to permit her, upon request, a chance to present evidence as to why those assessments exceed her ability to pay. (*Ibid.*)

Accordingly, "remand is required so that the trial court can make the necessary findings as a predicate to the excessiveness determination and weigh the relevant factors in the first instance." (*Cowan, supra*, 47 Cal.App.5th at p. 48.) We note *Cowan* provided detailed guidance for a trial court when making an ability-to-pay record on remand, which "need not

entail a contested evidentiary hearing in every case" and can instead "often be done by simple offer of proof." (*Id.* at pp. 48–50.)

## DISPOSITION

We reverse the trial court's imposition of the court operations and facilities assessments and remand for the court to hold an ability to pay hearing as to the assessments consistent with the guidance set forth in *Cowan* and resentencing. (See *Cowan*, *supra*, 47 Cal.App.5th at pp. 49–50.) In all other respects, the judgment is affirmed.

_____

Petrou, J.

WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Rodríguez, J.


A169238/*People v. Carroll*

10